## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  25-mj-04284-MORENO/MFE

UNITED STATES OF AMERICA

v.

DORIS MONTES LIZARDI,

          Defendant.

_____/

### ORDER OF PRETRIAL DETENTION

The defendant is charged by complaint with violating 18 U.S.C. § 2243 that makes it a federal crime to knowingly engage in a sexual act with persons who have not attained the age of 16 years. The Defendant Doris Montes Lizardi, a citizen of Mexico, was a passenger in the Royal Caribbean Wonder of the Seas cruise ship.  The victim, a young boy aged 13, and his 16-year-old brother provided statements regarding various sex acts with the Defendant in the Defendant's cabin. The Defendant also provided a statement consistent with the boys' statements but believed the sex acts were consensual. The minor victim, age 13, cannot legally consent to the sex acts described in the complaint.

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the hearing held on December 2, 2025, the Court concludes that the Defendant must be detained pending trial because the Government has proven by a preponderance of the evidence that no conditions or combination of conditions of release will reasonably assure the Defendant will not flee.

In addition to any findings made on the record at the hearing, the reasons for detention include the following: (1) the weight of evidence against the Defendant is strong; (2) the Defendant is subject to lengthy period of incarceration if convicted; (3) the Defendant has significant family or other ties outside the United States; and (4) the conditions imposed by the Magistrate Judge of home detention in the Central

District of California in an apartment complex that may include minors are insufficient to protect the public.

## REASONS FOR DETENTION

After considering the facts of this case and the factors set forth in 18 U.S.C. § 3142(g), this Court concludes that the Government showed by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant, as required. In support of this conclusion, the Court notes the following reasons for detention:

First, the Court finds the offense conduct, as contained in the Complaint, is serious and not trifling in nature. Moreover, based upon the Complaint filed in this matter, and the Defendant's own statements to law enforcement and cruise ship officials, the Court finds that the strength of the Government's case against Montes Lizardi is very strong. The Minor Victim and his brother gave compelling, reliable statements of the sexual activity in which they engaged with Montes Lizardi, and the Defendant herself admitted that she had engaged in the charged sexual activity with the Minor Victim, age 13 and his brother age 16, conduct she declared she thought was "normal."

Moreover, the Court further finds that the threat of significant incarceration in this matter further weighs against releasing the Defendant pending trial. The Defendant is facing an estimated advisory guideline range of at least approximately eight years in prison. Moreover, the Defendant is facing a maximum penalty of at least 15 years' imprisonment on each of Counts 1 and 3 of the Complaint, and two years' imprisonment on each of Counts 2 and 4 of the Complaint, for a total maximum penalty of 34 years' imprisonment. While the Court notes, and the parties agreed, that Montes Lizardi does not appear to have prior criminal convictions or imprisonment, the Court finds that the substantial term of incarceration the Defendant faces now is significant for someone who has never had contact with the criminal justice system

before.  Therefore, the Court finds the threat of incarceration here is also a risk factor that weighs in favor of pretrial detention.

Finally, the Court finds that the Defendant's lack of ties to the Southern District of Florida, as well as significant personal and familial ties outside of the United States, further militate in favor of denying pretrial release in this matter. The Defendant is a Mexican citizen who resides in Guadalajara, Mexico and works as a makeup artist in Guadalajara Mexico. The Defendant does not have legal status or citizenship in the United States and was only present briefly in the Southern District of Florida to take the cruise on the "Wonder of the Seas," with a travel companion, who paid for the cruise, is also a citizen of Mexico, and has since returned to Mexico.  There exists a probability the Mexican government would refuse to extradite the Defendant.  The extradition treaty between Mexico and the United States has a dual criminality requirement; that is, Mexico will only extradite its nationals if it has comparable crimes to the ones being sought by the United States for extradition.  In Mexico, the age of consent varies by state from 12 to 18 years of age.  Therefore, if Montes Lizardi were to flee to a Mexican state whose age of consent was 12, 13, or even 14, the Mexican government could refuse to extradite her because her actions in this matter would not constitute a crime in that state.  The Court finds this lack of ties in the Southern District of Florida weighs in favor of pretrial detention.

The Defendant, however, argues that the Magistrate Court's bond conditions would ensure she would appear before this Court.  She presented that her sister—who lives in the Central District of California—would be responsible for her, and the familial support she has in the Central District of California (where her sisters and step-father all live), coupled with the many conditions of the bond imposed by the Magistrate Court, should give this Court comfort that she holds no risk of non-appearance.

The Court disagrees.  To begin, many of the bond conditions imposed by the Magistrate Court— such as the firearm possession restriction; specialized sex offender evaluation and treatment; restriction on contact with certain minors; restriction on data encryption and social media accounts, amongst others—

do not address the risk of non-appearance. Additionally, a factor this Court must consider is not whether the Defendant has ties to *any* community. Rather, the Court must consider whether the Defendant has ties to *this* community; that is, to the Southern District of Florida. The Defendant has no ties to this District, and the defendant's release to the Central District of California is neither within nor near this District and, more importantly, is closer to her home country of Mexico than the Southern District of Florida—giving the Defendant the needed proximity to Mexico to flee there.

Moreover, the remaining conditions imposed—including home confinement, the surrender of a Mexican passport, and residence with her sister—do not give the Court any assurances that Montes Lizardi has a low risk of non-appearance. While at work, neither the sister nor the stepfather would be able to supervise or monitor the Defendant from approximately at least 9:00 a.m. to 3:30/4:30 p.m., Monday through Friday. That provides the Defendant with approximately six to seven hours in which to leave her sister's residence—before United States Probation or other persons were to note and report her absence—and flee to Mexico, or elsewhere outside of the Central District of California. Further, the sister's home is in an apartment complex that may hold young boys and releasing the Defendant poses a danger to that community.

In short, the Court finds that the evidence presented in this case shows the case against the Defendant is too strong, and the Defendant's risk of flight is too high. Therefore, the Court finds by a preponderance of the evidence there are no conditions, or combination of conditions, that will ensure the appearance of the Defendant. Therefore,

**IT IS HEREBY ORDERED** that the personal surety bond set by the Magistrate Judge in this matter is **REVOKED** and the Defendant shall be detained pending trial in this matter;

**IT IS FURTHER ORDERED** that the Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement pending trial in a

corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that upon an order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** in Open Court at Miami, Florida, this 2nd day of December 2025 and signed in Chambers on this _____ day of December 2025.

_____
**HONORABLE FEDERICO A MORENO**
**SENIOR UNITED STATES DISTRICT JUDGE**

cc:    Bertila L. Fernandez, AUSA
       MaeAnn R. Dunker, AFPD